UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony J. Loschiavo, | ) | CASE NO. 1:15 CV 168 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bank of America, N.A., et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Carrington's Motion to Dismiss Plaintiff's Complaint (Doc. 15). This case arises from attempts to collect a debt. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff, Anthony J. Loschiavo, filed this lawsuit against defendants, Bank of America, N.A., FIA Card Services, N.A., and Carrington Mortgage Services, LLC ("defendant") alleging wrongdoing in connection with the collection of a debt.

For purposes of ruling on the pending motion, the Court presumes that the allegations contained in the complaint are true. In 2008, plaintiff executed a promissory note and mortgage. The mortgaged property consisted of "his single-family residential property in Cleveland, Ohio." In 2012, Bank of America acquired the mortgage. Shortly thereafter, plaintiff filed a petition in

1

bankruptcy.  In the bankruptcy proceeding, Bank of America asserted a claim against plaintiff for the mortgage debt as well as certain credit card debt. On approximately August 3, 2012, plaintiff received a discharge order, which terminated Bank of America's rights with respect to the mortgage and credit card debt.  It appears that Bank of America retained its foreclosure rights.

According to the complaint, Bank of America continued to contact plaintiff and other family members in an attempt to collect the debt.  On May 8, 2013, Bank of America commenced a foreclosure proceeding and obtained a judgment of foreclosure.  Bank of America purchased the property at a sheriff's sale and recorded the deed on approximately July 28, 2014.

Despite the foreclosure sale, which plaintiff claims extinguished the mortgage, Bank of America executed an assignment of mortgage in favor of defendant.  In August of 2014, plaintiff received a "Notice of Servicing Transfer" informing him that defendant took over the servicing of the mortgage and that the current balance totaled approximately $90,000.  Plaintiff indicated to defendant that it owed no debt on the mortgage, which was discharged in bankruptcy. Defendant continued to repeatedly correspond with plaintiff both telephonically and through the mail in order to collect on the debt.

Thereafter, plaintiff filed this lawsuit containing four claims for relief.  Count one is a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f.  Count two is not asserted against defendant.  Count three is a claim for violation of the Ohio Consumer Sales Practices Act ("OCSPA") and count four alleges a claim for "Invasion of Privacy–Intrusion Upon Seclusion."  Defendant moves to dismiss all counts asserted against it and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between

3

possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

1. FDCPA

Defendant argues that count one should be dismissed because the FDCPA does not apply to the mortgage at issue in this case.  According to defendant, plaintiff does not allege that the debt is "primarily for personal, family, or household purposes."  Defendant argues that plaintiff engaged in "artful pleading" in order to avoid this problem.  Defendant claims that the complaint does not allege that plaintiff used the property as his personal residence.  Defendant points to other records, including tax records and bankruptcy court filings, which suggest that the property is not used as plaintiff's primary residence.  In response, plaintiff claims that he sufficiently alleges that the debt at issue satisfies the requirements of the FDCPA.  Plaintiff further argues that the public records relied on by plaintiff at best establish that the mortgaged property *may* not have been used as plaintiff's primary residence. According to plaintiff, it is not proper to resolve this issue at the pleading stage.

Upon review, the Court finds that count one must be dismissed.  The parties do not dispute that mortgages on rental properties do not qualify as "debts" for purposes of the FDCPA. *See, Floyd v. Bank of America*, 2014 WL 3732591 (N.D. Ohio July 25, 2014).  Rather, the parties' dispute focuses on whether plaintiff sufficiently alleged that the mortgage was for personal – as opposed to commercial or rental– purposes.  Here, the sole allegation consists of the following:

4

    10. On or around January 30, 2008, Mr. Loschiavo executed a promissory note which was insured by the Federal Housing Authority ("FHA") and secured by his single-family residential property in Cleveland, Ohio ("the Mortgage"). The property was used as a residence.

The Court agrees with defendant that this allegation does not sufficiently allege that the mortgage was incurred on plaintiff's personal residence. The first sentence in the paragraph simply indicates that plaintiff *owns* the single-family residential property. The second sentence alleges that the property was used as a single family residence. Conspicuously lacking is any allegation that at the time plaintiff incurred the mortgage, he intended to reside at the property. *Id*. ("Even if plaintiff resides on the rental property sometime after acquisition, plaintiff's personal use of the property does not alter the commercial character of the transaction creating the debt obligation."). *See also, Estep v. Manley Deas Kochalski, LLC*, 942 F.Supp.2d 758, 767 (S.D. Ohio 2013), *aff'd on other grounds*, 552 Fed.Appx. 502 (6 th Cir. 2014). Accordingly, plaintiff fails to allege the existence of a "debt" that is subject to the FDCPA and count one is dismissed.[1]

    2. OCSPA

Defendant argues that plaintiff's OCSPA claim fails because the act does not apply to mortgage servicers and that the "servicing" of a mortgage does not qualify as a "consumer transaction." Plaintiff does not dispute this assertion. Rather, he argues that plaintiff expressly alleges that Bank of America assigned the mortgage itself to defendant. Thus, defendant acted as

---

[1] Plaintiff's brief in opposition contains a perfunctory request for leave to amend should the court determine that plaintiff fails to sufficiently allege the existence of a "debt." Such a request is insufficient and is denied. *See, PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004); *Louisiana Sch. Employees Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 485-86 (6th Cir.2010).

more than a servicer.  In the alternative, defendant argues that the OCSPA claim fails for the same reasons plaintiff's FDCPA claim fails.  According to defendant, there are no allegations that indicate that the mortgage was acquired for "purposes that are primarily personal, family, or household" in nature as required by O.R.C. § 1345.01(A).

Upon review, the Court finds that plaintiff's OCSPA claim must be dismissed for the same reasons set forth above.  The allegations in the complaint do not identify a transaction that satisfies the OCSPA's definition of "consumer transaction."  As such, the Court need not reach defendant's argument that it acted only as a mortgage servicer.

3.  Invasion of privacy

Defendant moves to dismiss this claim on the grounds that plaintiff fails to state facts sufficient to demonstrate the extreme and outrageous conduct required to succeed on this claim.  Plaintiff offers no substantive opposition to defendant's motion with respect to this claim.  Accordingly, because it is unopposed, and for the reasons stated in defendant's motion, this claim is dismissed.

**CONCLUSION**

For the foregoing reasons, Carrington's Motion to Dismiss Plaintiff's Complaint (Doc. 15) is GRANTED.

IT IS SO ORDERED.

                          /s/Patricia A. Gaughan
                         PATRICIA A. GAUGHAN
Date:    6/15/15              United States District Judge